## NATHANIEL WENTWORTH *versus* The Inhabitants of the FIRST PARISH IN CANTON.

A parish has a right to take down a meetinghouse in order to rebuild, without conforming to the provisions of *St.* 1817, *c.* 189;[2] that statute not being intended to apply to parishes, but only to other proprietors of churches, &c.

THIS was an action on the case, in which the plaintiff, in his first count, alleged that he was seised and possessed of two pews in the First Congregational meetinghouse in Canton, and that the defendants, in pursuance of votes of the parish, pulled down the meetinghouse, thereby destroying the plaintiff's pews, without first causing them to be appraised pur suant to *St.* 1817, *c.* 189, § 5. [Revised Stat. *c.* 20, § 36.]

The second count contained the same allegations, and further, that after the erection of a new meetinghouse the proceeds of the sale of the new pews were not first applied to the payment to each proprietor of the pews taken down, at such appraised value, but were appropriated to another purpose.

The defendants pleaded, that the meetinghouse was their property, that it had become old and decayed, and that it was necessary to take it down and build another for their accommodation in attending upon the public worship of God ; and that at a legal meeting they passed the votes mentioned, and in pursuance of those votes caused the old meetinghouse to be taken down and a new one to be erected.

To this plea the plaintiff demurred for cause.

*Oct 27th.* *Dunbar*, in support of the demurrer, argued that the *St.* 1817, *c.* 189, was applicable, as well to parishes, as to other proprietors of meetinghouses ; *Gay* v. *Baker*, 17 Mass. R. 435 ; *Daniel* v. *Wood*, 1 Pick. 102 ; but that if not, the plaintiff was entitled to recover on the principles of the common law, (*Revere* v. *Gannett*, 1 Pick. 169,) and the part of the declaration which refers to the statute, might be rejected as surplusage. *Bennet* v. *Talbot*, 1 Salk. 212 ; *Stevens* v. *Bigelow*, 12 Mass. R. 438.

---

[2] The provisions of this statute are now extended to parishes and societies Revised Stat. *c.* 20, § 37.

*Metcalf, contrà,* contended that it was manifest from the phraseology of the statute, that it was not intended to apply to parishes. They had sufficient power before, so that the statute is unnecessary as to them ; but it was otherwise with unincorporated proprietors, a majority of whom could not bind the minority. *Livingston* v. *Lynch,* 4 Johns. Ch. R. 573. The *dictum* in *Daniel* v. *Wood,* in regard to the statute, was extrajudicial. The right of the pewholder is subject to that of the parish ; *Pettman* v. *Bridger,* 1 Phillim. 323, 324 ; *Pawson* v. *Scott,* Sayer, 176 ; and he can maintain no action against them for taking down an old and ruinous house in order to rebuild.

PARKER C. J. delivered the opinion of the Court. The validity of the special causes of demurrer depends upon the general question presented by the declaration and the plea in bar, which is, whether incorporated parishes, as such, are within the terms and meaning of the statute of 1817, *c.* 189, [Revised Stat. *c.* 20, § 36.] If they are, the plea in bar is wholly deficient in showing any defence ; if they are not, the declaration is bad, because it alleges as the grounds of complaint, the non-compliance with the provisions of that statute, and that is the only cause of action averred.

We think, after a careful analysis of the statute, that it is very clear the legislature in enacting it had no reference to existing incorporated parishes, but only to the proprietors of meetinghouses, either incorporated or unincorporated, who might be supposed not to enjoy powers necessary for the objects contemplated in the statute.

The act is entitled " an act authorizing the proprietors of churches, &c., to regulate and manage their property and interest therein." The first section gives powers which all parishes possessed before, in regard to raising money for the purpose of altering, enlarging, repairing or rebuilding their houses of worship. The money is to be assessed on the pews, and the assessment is to be committed to the treasurer chosen by the proprietors to receive the same. A meeting of the proprietors is to be called by warrant from a justice of the peace on application to him by five proprietors, or by notification by the clerk, if any there be. These provisions, to-

*Wentworth*
*v.*
First Parish
in Canton.

*Suffolk,*
*March 28th,*
*1826.*

346

gether with the whole tenor of the statute, satisfy us that it was not intended to enlarge or diminish the powers of parishes, but to give authority to other bodies which before the statute were supposed not to possess it.

This action therefore being brought entirely upon the statute, must fail, the remedy, if any injury has been sustained, being of a different nature

It has been before decided, in the case of *Daniel* v. *Wood et al.*, that the property of a pew in a meetinghouse is a qualified property, subject to the right of a majority of the parish to take down and destroy the house, wholly or only in part, if necessary for the purposes for which it was erected, that is, to repair, enlarge or rebuild the same, when it shall have become decayed or useless. It may be so far decayed as to be wholly unfit for use as a place of public worship, and then it may be entirely demolished ; and the materials may be worked into a new house, or may be sold and the proceeds go into the treasury to aid in rebuilding ; and in such case no individual pewholder can claim his share of the materials or the proceeds thereof, for he did not own them, but only the right of using the pew for the purpose of attending public worship. And this right is absolute while the house remains, for he may exclude every other person from it, and may maintain ejectment, case or trespass, according to circumstances, if he should be disturbed in his right. It may be asked, what remedy is there for a minority of pewholders, if the majority shall determine to demolish the building, and thus destroy the pews. We answer none, if the act is necessary or proper. The property of all is dealt with in the same way, and the advantages are common to all. If, on the other hand, there should be a wanton or malicious abuse of power, by which the minority may be oppressed and their property destroyed, a case hardly to be imagined where those who do the act must suffer equally with the others, the laws will give a remedy to the extent of the injury received.

In the case above cited of *Daniel* v. *Wood et al.*, at the close of the opinion, it is suggested that the statute of 1817 might be considered as establishing the mode of executing the right existing in parishes, to take down and rebuild their meet-

righouses. The consideration of that question was not necessary in that suit, and the application of the statute to other proprietors only was not suggested ; but even if the terms of that statute may be extended to parishes, so as to justify them in proceeding under it, and to give rights to pewholders in case the mode therein pointed out is adopted, it is plain that there is nothing in the statute obligatory on parishes, and that they may execute their legal powers in regard to parochial property, in the same manner that they could before the passing of the statute.

In the case of *Gay* v. *Baker*, 17 Mass. R. 435, this right in parishes is recognised. It is there intimated, that when by reason of altering or enlarging a meetinghouse the pew of an individual shall be destroyed, means should be provided for indemnity ; and without doubt this ought to be done, in case an alteration takes place for convenience only ; but if an entire demolition should become necessary in order to rebuild, the old house having so far decayed as to become unfit for the purpose for which it was erected, there should seem to be no injury and no damage.[1]

*Plea adjudged good.*

---

[1] It is now enacted by statute, that no person shall be entitled to compensation for a pew taken down, where the church or house of public worship shall have become unfit for public worship. Revised Stat. *c.* 20, § 38. See *Howard* v. *First Parish in North Bridgewater*, 7 Pick. 138 ; *Fisher* v. *Glover* 4 N. Hamp. R. 180 ; *Bates* v. *Sparrell*, 10 Mass. R. 323 ; *Revere* v. *Gannett* 1 Pick. 169. 32